IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BENJAMIN WILLIS, | § | |
| | § | |
| Defendant Below, | § | No. 265, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1804019804 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 8, 2019
Decided: July 17, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

After careful consideration of the notice to show cause and the response to the notice to show cause, it appears to the Court that:

(1) On June 24, 2019, the appellant, Benjamin Willis, filed a notice of appeal from a Superior Court order, dated March 18, 2019 and docketed on March 21, 2019, denying his motion for postconviction relief. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before April 22, 2019. The Senior Court Clerk issued a notice directing Willis to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. In his response to the notice to show cause, Willis states that his appeal is untimely because he had trouble scheduling time in the law library, he had to obtain the

necessary forms, and he had to obtain new forms after there were errors in the first set form of forms.

(2) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(3) The record does not reflect that Willis' failure to file a timely notice of appeal is attributable to court-related personnel. A claim that prison personnel were ineffective in assisting an inmate with an appeal does not excuse failure to file a timely appeal.[5] Prison personnel are not court-related personnel.[6] Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. This appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *See, e.g., Miller v. State*, 2017 WL 568362, at *1 (Del. Feb. 9, 2017) (dismissing untimely appeal where inmate claimed his appeal was late because the prison law library never responded to his inquiry regarding how much time he had to appeal); *Christmas v. State*, 2013 WL 1397131, at *1 (Del. Apr. 2013) (dismissing untimely appeal where inmate stated that he was unable to go to prison law library and obtain the necessary forms until after the appeal deadline passed).
[6] *Jones v. State*, 2014 WL 1512805, at *1 (Del. Apr. 15, 2014).

2

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice